IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN D. NICHOLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-055 KAJ |
| BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., A Delaware corporation and ALLEN'S FAMILY FOODS, INC., A Delaware corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT'S, BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF**

Defendant, Bennett Detective & Protective Agency, Inc., through its attorney, propound to Plaintiff the following interrogatories to be answered fully and under oath within thirty (30) days of service, in accordance with Rule 33 of the Federal Rules of Civil Procedure.

**Definitions**

1.  "Documents" refers to things constituting documents within the broadest scope and meaning of Rule 34(a), including, but not limited to:

    a) <u>Paper and other non-digital documents</u> : correspondence, notes, memoranda, calendars, diaries, books, manuals, brochures, checklists, magazines, newspapers, newsletters, charts, diagrams, facsimile transmissions and cover sheets, photographs, audio and video recordings, and paper print-outs of electronic mail transmissions and any other digital files or data stored or displayed (i.e. "web pages")

on the World Wide Web, Internet, intranet and/or on any URL or other address, location or site therein; and,

      b)    <u>Digital documents, data and files</u>: electronic mail transmissions and any other digital files or data stored or displayed (i.e. "web pages") on the World Wide Web, Internet, intranet and/or on any URL or other address, location or site therein, and digitally created and/or stored or digitally created and magnetically stored correspondence, notes, memoranda, calendars, diaries, books, manuals, brochures, checklists, magazines, newspapers, newsletters, charts, diagrams, facsimile transmissions and cover sheets, photographs and images, and audio and video recordings. (Please identify such items in your responses to the below requests, but contact undersigned counsel to arrange the manner of their production).

      2.    "Documents" also refers to both the original document, <u>and</u> every draft or differing version of the document, <u>and</u> every copy of the document that contains notes, comments, highlighting, initials, filing information, indication of date or time received or reviewed, or routing slips, or which differs in comparison to, or has been altered in any way from, the original.

      3.    The terms "describe in detail" and "set forth the factual basis" shall mean to describe fully by reference to underlying facts rather than by ultimate facts or conclusions of facts or law and to particularize as to time, place and manner.

      4.    The term "identify" when used with reference to an individual person shall mean to state his or her full name (or if not known, provide sufficient description so that he or she will be identifiable to the recipients of your answer), job title, employer or business affiliation, and last known business or home address.

5.      The term "identify" when used with reference to a document shall mean to state the type of document or communication (e.g., memorandum, employment application, letter, handwritten notes, etc.), to state its date, to briefly describe its contents, to identify the author (and if different, the originator and signer), and to identify the person (or, if widely distributed, the organization or classes of persons) to whom the document or communication was sent.  You may produce the document in lieu of identifying it.

6.      The term "identify" when used with reference to an oral communication, discussion, conversation, meeting, conference, or any other oral statements, shall mean to describe in detail the substance of, to state the date and location of, and to identify the participants in each such communication, discussion, conversation, meeting, conference or statement.

7.      Except as otherwise noted, "you" or "your" refers to Plaintiff and/or any attorney, agent or representative acting on her behalf.

8.      "BD&PA" refers to Bennett Detective & Protective Agency, its owners and its employees.

## INTERROGATORIES

1.      Identify all individuals (other than your attorneys) with whom you have at any time discussed this lawsuit, the grounds for this lawsuit, or your belief that BD&PA acted unlawfully or illegally toward you, and describe in detail the substance of each such discussion.

**ANSWER:**

2.For each individual listed in Paragraph A of Plaintiff's Fed.R.Civ.P. 26(a), Disclosures, describe in detail the factual knowledge you believe each person likely has and state how you learned that such person has such knowledge.

**ANSWER:**


3.Identify each expert you have reason to believe you will call to testify at trial and as to each such person:

a.state his or her profession or occupation and the field in which he or she allegedly is an expert;

b.state the subject matter about which he or she is expected to testify;

c.state the substance of the opinion to which he or she is expected to testify and give a summary of the grounds upon which he or she bases that opinion; and

d.identify all documents upon which he or she is expected to rely in support of his or her testimony.

**ANSWER:**



4.Identify all health care providers or entities from whom you have sought or received medical or psychological treatment or counseling from January 1, 1994 until the present, including but not limited to, physicians,

psychiatrists, psychologists, mental health counselors, school counselors, physical therapists, clinics and hospitals.

**ANSWER:**

5.  Identify all documents (except those that are subject to attorney-client privilege or the attorney work-product rule) that relate or refer to the facts of this case.

**ANSWER:**

6.  Identify all admissions or declarations against interest made by BD&PA concerning the subject matter of this action.

**ANSWER:**

7.  Identify all other lawsuits to which you have ever been a party, and the other parties to those suits, and the reason(s) for the suits, the jurisdiction within which the suits were filed and, if settled or otherwise resolved, the terms of the settlement or judgment.

**ANSWER:**

00123195.DOC

8. With respect to the damages you seek in your Complaint:

    a. describe in detail the types and amounts (where quantifiable) of all damages you are seeking;

    b. describe in detail the manner in which you calculated the damages in response to Interrogatory 8a;

    c. identify all persons who have information or knowledge with respect to the answers in this Interrogatory; and

    d. identify all documents that refer or relate to, or upon which you rely with regard to, the damages you are seeking.

**ANSWER:**


9. Identify all companies, entities and the like with whom you have completed an application for employment or submitted a resume or whom you have contacted to inquire about employment (including all employment agencies, headhunters, recruiters, job banks, newspapers, or other publications that you have consulted in an effort to find employment) from January 5, 2004 through and including the present and continuing until the date of trial of this action.

**ANSWER:**


00123195.DOC

10. Have you been employed or self-employed, or have you received any compensation or money whatsoever for any services you have performed either as an employee, independent contractor, or under some other status since January 5, 2004?

**ANSWER:**

11. If the response to the preceding interrogatory is in the affirmative, provide the following information:

    a. identify employer or providers of compensation or money;

    b. your job title and job duties;

    c. your rate of pay or amount of income and fringe benefits; and

    d. dates of employment and/or receipt of compensation or money.

**ANSWER:**

12. Identify every person of whom you are aware who you believe has knowledge of any of the facts asserted in the Complaint and state in detail the nature of the information you believe each such person has regarding those facts.

**ANSWER:**

00123195.DOC

13. Provide the date(s) that all alleged wrongful racial discrimination by BD&PA occurred. For each alleged occurrence, in addition to the date, please:

a. identify all persons engaging in conduct that you believe constituted such discrimination;

b. state the words, actions or conduct made the basis of your claim of discrimination;

c. state your claimed injury as a result of the alleged discrimination; and

d. state when and to whom you reported the claimed discrimination; what you reported; what action you requested taken; and, what action you are aware of being taken.

**ANSWER:**

14. Provide the date(s) that all alleged wrongful sexual discrimination by BD&PA occurred. For each alleged occurrence, in addition to the date, please:

a. identify all persons engaging in conduct that you believe constituted such discrimination;

b. state the words, actions or conduct made the basis of your claim of discrimination;

      c.    state your claimed injury as a result of the alleged discrimination; and

      d.    state when and to whom you reported the claimed discrimination; what you reported; what action you requested taken; and, what action you are aware of being taken.

**ANSWER:**

15.    Provide the date(s) that BD&PA allegedly caused you to experience the physical, psychological or economic injuries referred to in paragraph nos. 25 and 28 of your Complaint. For each alleged occurrence:

      a.    identify all persons that you allege caused you such injury;

      b.    state the words, actions or conduct made the basis of your claim for such injury;

      c.    state the specific claimed injury as a result of the conduct of the person(s) identified in subpart (a); and,

      d.    state when and to whom you reported the claimed injury; what you reported; what action you requested taken; and, what action you are aware of being taken.

**ANSWER:**

00123195.DOC

16. Identify all individuals (other than BD&PA), if any, you claim have engaged in any unlawful discrimination against you in any way, and for each such individual, state the facts that support your claim.

**ANSWER:**

                MURPHY SPADARO & LANDON

                */s/ Roger D. Landon*
                ROGER D. LANDON
                1011 Centre Road, #210
                Wilmington, DE  19805
                (302) 472-8112
                Attorney for Defendant
                Bennett Detective & Protective
                Agency, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN D. NICHOLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-055 KAJ |
| BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., A Delaware corporation and ALLEN'S FAMILY FOODS, INC., A Delaware corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**NOTICE OF SERVICE**

I, Roger D. Landon, Esq., do hereby certify that on this 23rd day of August, 2005, two copies of the foregoing **DEFENDANT'S, BENNETT DETECTIVE & PROTECTIVE AGENCY, FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFF** were e-filed and delivered in the manner indicated to the following individual(s):

**Via First Class Mail**
William D. Fletcher, Jr., Esq.
Schmittinger & Rodriguez
414 S. State Street
P.O. Box 497
Dover, DE  19903

**Via Hand Delivery**
Matthew F. Boyer, Esq.
Connolly Bove Lodge & Hutz
1007 N. Orange Street
Wilmington, DE  19801

00123195.DOC

**Via First Class Mail**
Arthur M. Brewer, Esq.
Shawe & Rosenthal, LLP
Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD  21201

    MURPHY SPADARO & LANDON

    */s/ Roger D. Landon*
    ROGER D. LANDON, I.D. No. 2460
    1011 Centre Road, #210
    Wilmington, DE  19805
    (302) 472-8112
    Attorney for Defendant
    Bennett Detective & Protective
    Agency, Inc.