IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN D. NICHOLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-055 KAJ |
| BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., A Delaware corporation and ALLEN'S FAMILY FOODS, INC., A Delaware corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT'S, BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., ANSWERS TO PLAINTIFF'S INTERROGATORIES**

1. Identify all persons having knowledge of the facts alleged in the pleadings and, as to each person, identify the numbers of the paragraphs of the Complaint, Answer, or other pleading of which such person has knowledge.

**ANSWER: See all parties' Rule 26(a) disclosures and discovery responses filed to date.**

2. Identify each and every expert witness that Defendant has retained or expects to retain, and for each such person indicate whether Defendant intends to call the expert to testify at trial and whether the expert has rendered a written opinion for Defendant. If the expert has rendered such an opinion, please provide a copy to Plaintiff.

**ANSWER: Bennett Detective & Protective Agency, Inc. has not yet retained any expert witnesses.**

3.    Identify any and all persons whom Defendant expects to call as witnesses at trial.

**ANSWER:  This hasn't been decided, except for Wayne Keller, Vice President of Operations at Bennett Detective & Protective Agency, Inc.**

4.    With reference to each affirmative defense raised by you in your Answer or other pleadings, state in detail what facts known to you form the basis of such affirmative defense; and identify each person who has knowledge of the facts upon which is based each affirmative defense, specifying the affirmative defense of which the witness has knowledge.

**ANSWER:  Bennett Detective & Protective Agency, Inc.'s affirmative defenses were pled to avoid waiver, and are subject to ongoing investigation and discovery.**

6.[sic] If any of the persons referred to in the preceding interrogatory are no longer employed by Defendant, please give their last known addresses and telephone numbers and the names and addresses of their last known employers.

**ANSWER:   If this Interrogatory refers to Interrogatory No 3 above, Bennett Detective & Protective Agency will fully reply when it determines who it will call at trial.  Mr. Keller is still employed at Bennett Detective & Protective Agency.**

7.    Identify each person employed by Defendant, who has complained to Defendant or its agents since August 2001, orally or in writing, about harassment or discrimination based upon race, national origin, or about

retaliation based on race, whether or not Defendant believe such complaints to be substantiated.

**ANSWER:    Other than Plantiff:  Christine Melvin, a white female.**

8. Identify any document, including e-mails and other types of electronic processes, relating to any complaint identified in response to the foregoing interrogatory.

**ANSWER:    All such documents in Bennett Detective & Protective Agency's possession are being produced in response to Plaintiff's Request for Production No. 1.**

9. Has Defendant ever received any oral or written complaints from third parties concerning Plaintiff's performance on the job?  If the answer to this interrogatory is in the affirmative, identify the day, date, time, and parties involved in each oral complaint and produce copies of each written complaint with the response to the accompanying request for production.

**ANSWER:    Yes.  See Bennett Detective & Protective Agency's "Position Statement" being produced in response to Plaintiff's Request for Production No. 1.**

10. State whether Plaintiff ever received any oral or written reprimands during his employment, and with regard to the same, identify the day, date, time, and parties involved in each oral reprimand and produce copies of each written reprimand along with the response to the accompanying request for production.

**ANSWER:    No.**

11. State whether Defendant or anyone acting on its behalf has obtained statements (written, recorded or oral) from any persons concerning the facts alleged in the pleadings, and if so, identify fully the person making the statement, and the subject which the statement concerns.

**ANSWER:    No.**

12. State the name and address of each person who has been interviewed by Defendant or on Defendant's behalf concerning the facts alleged in the pleadings.

**ANSWER:    Objection.  This Interrogatory seeks information subject to the attorney client privilege and the attorney work-product rule.**

13. Please state Plaintiff's dates of employment with Defendant.

**ANSWER:    7/30/01 - 1/5/04.**

14. Explain in detail the amounts and nature of Plaintiff's wages, benefits, and other compensation during the period of his employment by Defendant.

**ANSWER:    Plaintiff was paid $7/hour up to 40 hours per week; $10.50/hour overtime.  No benefits.  For further information, see the pay records being produced in response to Plaintiff's Request for Production No. 1.**

15. Identify each individual who had input into the decision to terminate and/or lay off Plaintiff, and for each person listed, explain in detail said person's input into the decision.

**ANSWER:    Plaintiff voluntarily resigned.**

16. Please state the number of employees of Defendant in 2001, 2002, 2003 and 2004.

**ANSWER:    2001: 529**

**2002: 458**

**2003: 458**

**2004: 327**

17. State in full the reasons that Plaintiff was terminated and/or laid off..

**ANSWER:    Plaintiff voluntarily resigned.**

18. State the amount paid by the Defendant on behalf of Plaintiff for fringe benefits such as health benefits, pension programs, bonus programs and insurance programs during the period of time that Plaintiff was employed by Defendant, broken down per pay period and per fringe benefit program.

**ANSWER:    Not applicable.**

19. Other than the annual reports requested in Plaintiff's First Request for Production, identify documents that accurately reflect the total net worth, profits, and total earnings of Defendant and any successor in interest for each calendar year since 1998.

**ANSWER:    Objection. This interrogatory is overly broad, unduly burdensome and in part irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.**

20. Identify any and all job vacancies, available positions, and position hirings of Defendant, at Defendant's Kent County locations, from 60-days prior to

Plaintiff's date of employment separation from Defendant to 6-months after Plaintiff's date of employment separation from Defendant.

**ANSWER:   Bennett Detective & Protective Agency cannot determine this information from its records.**

21. With respect to the person answering these Interrogatories state his or her name, address, business address, business telephone number, job title, occupation, name of immediate supervisor, length of employment with Defendant, and length of time in current position.

**ANSWER:   Wayne A. Keller, Vice President of Operations for 10 years. His supervisor is Brad Bennett.  Business address:  P.O. Box 344, Dover, DE  19903; Business phone (302) 734-2480.**

22. For each facility contracted with Defendant where Plaintiff was employed, state its name, its location, the date the facility began the contract with Defendant, and whether the contract has been discontinued and, if so, the date of its termination.

**ANSWER:   Allen's Family Foods, Harbeson, DE  2001 to date;**

**Superior Court, Georgetown, DE 2000 to date;**

**Family Court, Georgetown, DE  2000 to date.**

23. For each facility identified in the answer to Interrogatory 22, state the present rate of pay for each job category or sub-category and the number of all employees, white female employees, black female employees, and all other minority employees.

**ANSWER:    Allen's Family Foods:   Two black males, four white males: $6.75/hour; One black female, one black male (supervisors): $7.00/hour.**

**Superior Court:   One black male: $6.15/hour; One white female: $6.15/hour.**

**Family Court:    Two white males: $6.15/hour.**

24. For each facility identified in answer to Interrogatory number 22 and for each year from 1998 to the present state the number of job applicants hired and initially assigned to each job category or subcategory listed, indicating separately, all new employees hired, non-black females hired and black females hired.

**ANSWER:    Bennett Detective & Protective Agency cannot determine this information from its records.**

25. Identify all persons terminated and/or laid off for the same act or reason Plaintiff was terminated and/or laid off between 1999 and 2004.

**ANSWER:    Plaintiff voluntarily resigned.**

26. State whether any of the above persons were ever reemployed. If so, please state name, address, positions at termination and/or layoff and subsequent reemployment date.

**ANSWER:    Not applicable; Plaintiff voluntarily resigned.**

27. State whether the Plaintiff ever complained of receiving discriminatory treatment on the job. If yes, specify the nature of the complaint(s), date(s) of the complaint(s), and explain what was done, if anything, in response to the complaint(s).

**ANSWER:   Plaintiff never made such complaints to Bennett Detective & Protective Agency.**

28.    Identify any and all discrimination suits commenced against Defendant since 1999 regarding Defendant's employment activities in Delaware, the Court in which it was filed; the civil action number; name, work phone number and addresses of the attorneys; and whether or not releases were signed.

**ANSWER:   None.**

29.    List the names and addresses of all Black employees, and all other race employees who have been terminated and/or laid off between 1999 and 2004.

**ANSWER:   Bennett Detective & Protective Agency cannot determine this information from its records.**

30.    State whether there is any job classification in Delaware for which the company has never employed a black person or a female; if the answer is affirmative, list the job classification and state reasons.

**ANSWER:   None.**

31.    State the number of black female employees that have advanced from one designation to another since 1999 through 2004, giving the dates of advancement.

**ANSWER:   Bennett Detective & Protective Agency cannot determine this information from its records.**

        MURPHY SPADARO & LANDON

        */s/ Roger D. Landon*
        ROGER D. LANDON, I.D. No. 2460
        1011 Centre Road, #210
        Wilmington, DE  19805
        (302) 472-8112
        Attorney for Defendant
        Bennett Detective & Protective Agency, Inc.