IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN D. NICHOLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-055 KAJ |
| BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., A Delaware corporation and ALLEN'S FAMILY FOODS, INC., A Delaware corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**DEFENDANT'S, BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

1.  Any and all employment files, personnel files, or other records relating to the employment of Plaintiff by Defendant, including any and all evaluations, whether formal or informal, and disciplinary actions of Plaintiff.

**RESPONSE: Objection. This request is overly broad, unduly burdensome, in part irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial, beyond the scope of Rules 26 and 34, seeks documents protected by the attorney-client privilege, and seeks attorney work-product without the pre-requisite showing of need. Without waiving these objections, see attached documents.**

2.  Any and all correspondence, including e-mails and other types of electronic processes, or other communications between Defendant or any of its agents and Plaintiff.

**RESPONSE**: **Objection. This request is overly broad, unduly burdensome, in part irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial, beyond the scope of Rules 26 and 34, seeks documents protected by the attorney-client privilege, and seeks attorney work-product without the pre-requisite showing of need. Without waiving these objections, none other than as contained in Bennett Detective & Protective Agency's response to Request for Production No. 1.**

3. Any and all communications, including correspondence, internal memoranda and e mails, between or among Defendant, any other party, or any of Defendant's agents regarding Plaintiff.

**RESPONSE**: **Objection. This request is overly broad, unduly burdensome, in part irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial, beyond the scope of Rules 26 and 34, seeks documents protected by the attorney-client privilege, and seeks attorney work-product without the pre-requisite showing of need. Without waiving these objections, none other than as contained in Bennett Detective & Protective Agency's response to Request for Production No. 1.**

4. Any and all payroll records regarding or concerning Plaintiff, including records of wages and/or salary, records of benefits, and records of taxes or other amounts withheld by Defendant.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

5. Plaintiff's initial application for employment.

**RESPONSE**: **See the application included in the documents being produced in response to Request for Production No. 1.**

6. Any and all documents referred to in Defendant's Answers to Plaintiff's First Set of Interrogatories, including, but not limited to, Defendant's annual reports for the last five years and balance sheets listing civil litigation liabilities.

**RESPONSE**: **All documents so identified are being produced in response to these Requests.**

7. The personnel file of Joshua Whiteman, and any other records held by Defendant concerning this person, including disciplinary notices.

**RESPONSE**: **See attached.**

8. Job descriptions of any and all employment positions held by Plaintiff during her employment by Defendant.

**RESPONSE**: **Bennett Detective & Protective Agency has no documents responsive to this Request.**

9. Any and all files or documents regarding charges filed by Plaintiff with the Delaware Department of Labor ("DDOL") or the Equal Employment Opportunity Commission ("EEOC"), including any documents submitted by or on behalf of Defendant to the EEOC or the DDOL.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

10. Any and all personnel manuals or employee manuals that were in effect during the time of Plaintiff's employment.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

11. W-2 forms of Plaintiff relating to her employment with Defendant.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

12. Any and all documents, data compilations, and tangible things in the possession, custody, and/or control of Defendant, including e-mail communications, that are relevant to disputed facts alleged with particularity in the pleadings.

**RESPONSE**: **Objection. This request is overly broad, unduly burdensome, in part irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial, beyond the scope of Rules 26 and 34, seeks documents protected by the attorney-client privilege, and seeks attorney work-product without the pre-requisite showing of need.**

13. Any and all documents showing the structural organization of Defendant's operations applicable to its Dover, Delaware locations, including, but not limited to, all organization charts.

**RESPONSE**: **Bennett Detective & Protective Agency has no documents responsive to this Request.**

14. Any and all documents, including e-mails, relating to complaints, whether written or verbal, and grievances of employees of Defendant regarding discrimination or harassment on the basis of race, national origin, or retaliation since August 1, 2000.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

15. Any and all documentation concerning the events as alleged in the Complaint, involving Plaintiff.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

16. Any and all documents reflecting communications between Defendant or any of its agents and the State of Delaware Division of Unemployment Insurance regarding Plaintiff.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

17. Any and all documents regarding job openings or available employment positions of Defendant, at Defendant's Delaware locations, from January 5, 2004 ongoing.

**RESPONSE**: **Bennett Detective & Protective Agency has no documents responsive to this Request.**

18.  Any and all documents or other items in the possession of Defendant regarding Plaintiff or relating to this litigation, including e-mails and other types of electronic processes, to the extent not produced in response to the preceding requests.

**RESPONSE**:  **Objection.  This request is overly broad, unduly burdensome, in part irrelevant and not reasonably calculated to lead to the discovery of evidence admissible at trial, beyond the scope of Rules 26 and 34, seeks documents protected by the attorney-client privilege, and seeks attorney work-product without the pre-requisite showing of need.**

19.  Any and all documents to be relied upon at trial, including those to be utilized for impeachment purposes.

**RESPONSE**:  **Objection.  Bennett Detective & Protective Agency has no duty to reveal or identify such documents.  It will identify in its submissions for the Pre-Trial Stipulation and Order those documents it intends to <u>introduce into evidence</u>.  It will use other documents for other purposes at trial, including use during examination of witnesses and during opening and closing statements.**

20.  Any and all documents identified in Defendant's Response to Plaintiff's First Set of Interrogatories Directed to Defendant.

**RESPONSE**:   **All documents so identified are being produced in response to these Requests.**

21. Any reports by any person qualifying as an expert containing opinions and/or facts upon which such opinions are based, concerning any aspect of this litigation without any redaction.

**RESPONSE**:  **None.**

22. Copies of any and all insurance policies, declaration pages, endorsements, and any other documents that identify any insurance coverage tht may be applicable to any of the claims of Plaintiff whether such coverage is designated as primary coverage, secondary coverage, excess coverage, reinsurance or by any other term or definition.

**RESPONSE**: **None.  Bennett Detective & Protective Agency has no insurance coverage applicable to Plaintiff's claims.**

23. Copies of all documents identified in Defendants Federal Civil Rule 26 (a) Disclosures.

**RESPONSE**: **All responsive documents in Bennett Detective & Protective Agency's possession are being produced in response to Request for Production No. 1.**

                                                MURPHY SPADARO & LANDON

                                                */s/ Roger D. Landon*
                                                ROGER D. LANDON, No. 2460
                                                1011 Centre Road, #210
                                                Wilmington, DE  19805
                                                (302) 472-8112
                                                Attorney for Defendant
                                                Bennett Detective & Protective Agency, Inc.