IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROBIN D. NICHOLS, | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil Action No. 05-55 (KAJ) |
| | * | |
| BENNETT DETECTIVE & PROTECTIVE | * | |
| AGENCY, INC. and | * | |
| ALLEN FAMILY FOODS, INC., | * | |
| | * | |
| Defendants | * | |
| _____/ | | |

**JOINT MOTION TO AMEND SCHEDULING ORDER**

Plaintiff Robin D. Nichols and Defendants Allen Family Foods Inc. ("Allen's"), and Bennett Detective & Protective Agency, Inc. ("Bennett"), and by and through their undersigned counsel, respectfully request an extension of the discovery deadline until January 6, 2006. Plaintiff Nichols and Defendant Allen's further respectfully request a three week extension of the dispositive motions deadline until January 27, 2006, without disturbing the July 10, 2006 trial date. Defendant Bennett does not oppose an extension to the dispositive motions deadline. We make this request for the following reasons:

1. On March 28, 2005 the Court issued the Scheduling Order in this case setting the discovery deadline for November 1, 2005 and the deadline for case dispositive motions for January 6, 2006. The trial is set to begin on July 10, 2006.

2. On September 7, 2005 the parties filed a joint status report wherein the parties requested the Court's permission to extend the discovery deadline until December 1, 2005 because of scheduling difficulties that had arisen. The matter was not further addressed at that time.

3.      The parties have continued to engage in written discovery and have taken depositions. However, the parties have been unable to complete discovery for several reasons. There have been a number of conflicts in the litigation calendars of all counsel regarding deposition scheduling. There have also been a series of discovery disputes. While the parties were able to avoid involving the Court in these disputes, they have prolonged the discovery process beyond the time allotted by the current Scheduling Order.

4.      There are depositions that have not yet been taken, including two corporate representatives from Defendant Bennett. Plaintiff Nichols believes that these depositions are necessary to the presentation of her case. Given the approaching holidays, counsels' litigation calendars, and the lack of availability of witnesses, the first available date for everyone involved for these depositions is January 6, 2006, which is also the deadline for filing case dispositive motions under the current Scheduling Order.

5.      Defendant Allen's anticipates filing a Motion for Summary Judgment. If the depositions go forward on January 6, 2006, without a modification to the current Scheduling Order, Allen's will be prejudiced and unable to submit its Motion by the current dispositive motions deadline. Therefore, Plaintiff Nichols and Defendant Allen's respectfully request a brief extension of the dispositive motions deadline for three weeks until January 27, 2006. Defendant Bennett does not oppose this request.

6.      Under Fed. R. Civ. P. 16(b), courts have broad discretion to modify a scheduling order to permit additional discovery "upon good cause shown." Here, the adjustment to the Scheduling Order would allow the Plaintiff to take depositions that she believes are necessary to her case, and would allow Defendant Allen's sufficient time to prepare and file its case-dispositive motion, without objection by Defendant Bennett. No party will be prejudiced if the

motion is granted.  Finally, the parties propose to minimize any impact that a change in the dispositive motion deadline would have on the Court by committing to filing their briefs as forth in Local Rule 7.1.2, without any requests for extensions, so that briefing on Allen's summary judgment motion would be completed by February 17, 2006.

7. The other dates in the Scheduling Order will remain the same, including the July 10, 2006, trial date.

WHEREFORE, all parties respectfully request that the discovery deadline be extended until January 6, 2006 and Plaintiff Nichols and Defendant Allen's respectfully request that the dispositive motions deadline be extended until January 27, 2006, which Defendant Bennett does not oppose.  Counsel for the parties request a brief teleconference on this motion at the Court's convenience.  A form of Order is attached.

Respectfully submitted,


   /s/Matthew F. Boyer
Matthew F. Boyer
CONNOLLY BOVE LODGE & HUTZ, LLP
The Nemours Building
1007 N. Orange Street
P. O. Box 2207
Wilmington, DE  19899
(302) 884-6585

Arthur M. Brewer *pro hac vice*
SHAWE & ROSENTHAL, LLP
20 S. Charles Street, 11th Floor
Baltimore, MD  21201
*Counsel for Defendant Allen Family Foods*

_____
William D. Fletcher, Jr., Esq.
Noel E. Primos, Esq.
Schmittinger & Rodriguez, P.A.
414 S. State Street
P. O. Box 497
Dover, DE  19903-0497
*Counsel for Plaintiff*


_____
Roger D. Landon, Esq.
Murphy, Spadaro & Landon
1011 Centre Road, #210
Wilmington, DE 19805
*Counsel for Defendant Bennett Detective and Protective Agency, Inc.*


Dated: December 16, 2005