# Tab 4

Westlaw.

Not Reported in A.2d                                                                                                              Page 1
Not Reported in A.2d, 2001 WL 428686 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware.
Monica G. LEBLANC, Plaintiff,
v.
Janette H. REDROW and Janette H. Redrow, Ltd. Defendants.
**No. Civ.A. 99C-02-170CHT.**

Submitted Feb. 26, 2001.
Decided April 19, 2001.

Jeffrey K. Martin, Wilmington, DE, for the Plaintiff.
Charles Snyderman, Newark, DE, for the Defendants.

OPINION AND ORDER

TOLIVER, J.

In Response to Defendants' Motion for Summary Judgment-Granted

**\*1** On January 26, 2001, the defendant [FN1] filed the instant motion seeking the entry of judgment in her favor as to the causes of action instituted by the plaintiff. The plaintiff has filed notice of her opposition to the motion and the Court has now had the opportunity to hear argument from counsel. The record having been so completed, that which follows is the Court's resolution of the issues so presented.

> FN1. As the complaint and answer indicate, there are two defendants. However, it appears that the individual defendant, Ms. Redrow, was the owner of defendant Janette H. Redrow, ltd., and acted in that capacity at all times relevant to this action. Given this symbiotic relationship, for ease of referral, they will be considered as one.

FACTS

On or about September 18, 1995, the plaintiff was hired as a dispatcher/coordinator by Eastern Shore Concrete Products, LLC ("Eastern Shore"). At the time, the defendant was Eastern Shore's largest customer. In early December 1996, an incident occurred involving the plaintiff and one of the defendant's employees. More specifically, the plaintiff accused one of the defendant's truck drivers of being under the influence of an illegal substance and refused to allow the vehicle to leave the premises of Eastern Shore. Because of the nature of the complaint, the driver was required by industry regulations to submit to drug testing within 24 hours of the allegation, which he did. The results of the test were negative.

Because of this incident and other problems that had arisen previously, the defendant informed Eastern Shore's plant manager that the defendant would not remain a customer if Eastern Shore could not provide the defendant with the service that was expected. It appears as if this demand included not having to deal with plaintiff any further. In any event, Eastern Shore promptly assigned the defendant to another dispatcher. On December 30, 1996, 27 days after the incident involving the drug allegations occurred, Eastern Shore concluded that it did not wish to retain the plaintiff and terminated her employment with the company. In discharging the plaintiff, Eastern Shore cited problems with the plaintiff's job performance, including the unsatisfactory interaction with Eastern Shore's customers, failing to get along with co-workers, involving herself in company business beyond the scope of her job and engaging in activities at work that she was neither authorized nor qualified to do.

Shortly thereafter, the plaintiff instituted this litigation, claiming that her termination by Eastern

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 2
Not Reported in A.2d, 2001 WL 428686 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Shore was wrongful and was proximately caused by the defendant's complaints regardless of the defendant's intentions. The defendant has denied the plaintiff's allegations and in support of her motion has asserted in the first instance that she did nothing to bring about the termination of the plaintiff's employment. She then goes on to argue even if the complaints relative to the treatment of her employees did proximately result in the plaintiff's termination, that employment was terminable at will by either party and there is no cause of action under Delaware law for interfering with such a contractual relationship.

DISCUSSION

Pursuant to Superior Court Civil Rule 56, " Summary judgment is properly granted where the facts, viewed in a light most favorable to the non-moving party, demonstrate that there are no factual disputes and the movant is entitled to judgment as a matter of law." *Merrill v. Crothall-American,* Del.Supr., 606 A.2d 96, 99-100 (1992). The Court's decision must be based on the record presented, including all pleadings, affidavits, depositions, admissions and answers to interrogatories, not on what evidence is "potentially possible". *Rochester v. Katalan,* Del.Supr., 320 A.2d 704 (1974). Stated differently, summary judgment will not be granted where the record discloses that a material fact is in dispute or if it is deemed appropriate to inquire more throughly into the facts, in order to clarify the application of the law to the circumstances of the case. *Guy v. Judicial Nominating Commission,* Del.Super., 659 A.2d 777 (1995). Finally, where the moving party makes a *prima facie* showing that there are no material issues of fact and dispute, the burden shifts to the resisting party to demonstrate that such issues do exist and are disputed. *Moore v. Sizemore,* Del.Supr., 405 A.2d 679 (1979).

*2 Delaware recognizes a cause of action for tortious interference with contractual relations. Generally speaking, to prosecute such a cause of action, a plaintiff must establish the existence of five elements. Specifically, there must be:
1. A contract;
2. Of which the defendant was aware;
3. An intentional act by the defendant that is a significant factor in bringing about the breach of said contract; [FN2]

> FN2. The interference need not be for the primary purpose of interfering with the contract but instead may qualify even if incidental to the actors independent and distinct purpose if the interference is known to be a proximate result of his action. *PNC Bank, Delaware v. Berg,* Del.Super., C.A. No. 94C-09-208, Quillen, J. (Jan. 31, 1997) (ORDER) at 4. "The critical question ... [is whether the party acted] so as to bring about the breach and, if so, was it justified by legitimate pursuit of its own interest in so acting." *Irwin & Leighton, Inc. v. W.M. Anderson Company,* Del. Ch. 532 A.2d at 992.

4. The act without justification; and
5. That act causes injury or results in injury.

*Irwin & Leighton, Inc. v. W.M. Anderson Company,* Del. Ch., 532 A.2d 983, 992 (1987). However, where the employment is "at will", meaning that it is terminable at the option of either party without justification and/or cause, no cause of action for tortious interference with contractual relations is recognized in this state. *Rizzo v. E.I. duPont DeNemours & Co.,* Del.Super., C.A. No. 86C-JL-88, Gebelein, J. (Mem.Op.) at 2. *See also Park v. Georgia Gulf Corp.,* D. Del., C.A. No. 91-569, McKelvie, J. (Sept. 14, 1992) (Mem. Op. at 9). It is in light of these legal principals that the defendant's motion must be addressed. Unfortunately for the plaintiff, the motion appears to have merit.

The plaintiff does not contest the assertion made by the defense that her employment with Eastern Shore was "at-will". On this basis alone, the defendants are entitled to summary judgment as a matter of law. Nor has the plaintiff presented any evidence from which her claim might be excepted from the scope of this aforementioned rules. Even if one

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                        Page 3

Not Reported in A.2d, 2001 WL 428686 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

were to assume that the plaintiff's employment may be viewed as something other that "at-will", the defendant is still entitled to judgment as a matter of law because her actions cannot be deemed "tortious" .

The defendant made what appears from the record to be a legitimate complaint to the plaintiff's employer. Again, it involved an unproven allegation made by the plaintiff that one of the defendant's employees was using drugs. Under no stretch of the imagination can voicing a grievance by a customer of a business such as that which forms the center of this controversy be deemed wrongful. The defendant simply did not like the way her employees had been treated and apparently asked Eastern Shore to take steps to improve the business relationship between the two entities. There is no allegation that the defendant was a part of the Eastern Shore management and participated in their personnel decisions. Without more than exists on the record as it stands, the continued prosecution of the plaintiff's complaint must be terminated.

CONCLUSION

Based upon the foregoing, judgment must be, and hereby is, entered in favor of the defendant and against the plaintiff.

IT IS SO ORDERED.

Del.Super.,2001.
LeBlanc v. Redrow
Not Reported in A.2d, 2001 WL 428686 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.