# Tab 6



Not Reported in A.2d                                                                                                      Page 1
Not Reported in A.2d, 1989 WL 135651 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Only the Westlaw citation is currently available.
UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.
Superior Court of Delaware, New Castle County.
Herman N. RIZZO and Jean L. Rizzo, Plaintiffs,
v.
E.I. DU PONT DE NEMOURS & CO., a Delaware corporation; Du Pont Country Club, a Delaware corporation; Robert Potter; Earl Shafer; and J. Danny Prillaman, Defendants.
**No. C.A. 86C-JL-88.**

Submitted: Aug. 8, 1988.
Decided: Oct. 31, 1989.

Upon defendants' motion for summary judgment as to the two counts of tortious interference. GRANTED. Upon defendants' motion for summary judgment based on lack of physical injury to the plaintiff. GRANTED. Upon defendants' motion for summary judgment for Mrs. Rizzo's claim for loss of consortium. GRANTED.

Ruth M. Ferrell, Wilmington, for plaintiffs.
Richard D. Allen, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

MEMORANDUM OPINION

GEBELEIN, Judge.
*1 Plaintiff, Herman Rizzo, was an at-will employee of the DuPont Country Club, as a grounds keeper for approximately 17 years. On April 30, 1985, Mr. Rizzo retired from the DuPont Country Club under its early retirement plan, which provided that employees who retired early would receive an additional five years of service credit and five years of age credit in calculating pension benefits.

Mr. Rizzo sued his employer and his supervisors, alleging that their mistreatment of him forced him to retire early, resulting in reduced retirement benefits.

The 14-count complaint included two federal claims under the Employee Retirement Income Security Act of 1974 ("ERISA") and various state claims. Because of the federal claims, the defendants moved the case to the District Court of Delaware.

During that proceeding, Mr. Rizzo amended his complaint to include Mrs. Rizzo as a plaintiff and E.I. du Pont de Nemours & Co. as a defendant. After the claims were consolidated, the final complaint alleged two violations of the federal ERISA statute and four state law claims. The District Court granted the defendants' motion for summary judgment on the two federal claims and remanded the four state claims to this Court. Those claims are: (1) tortious interference with prospective advantage, (2) tortious interference with employment, (3) intentional infliction of emotional distress and (4) loss of consortium.

The defendants moved for summary judgment alleging that the counts of tortious interference are not a recognized claim upon which relief can be granted because Delaware continues to recognize the doctrine of at-will employment; that the claim of intentional infliction of emotional distress has its exclusive remedy in the Delaware Workmen's Compensation Act; and because the claim of loss of consortium is derivative of the intentional infliction of emotional distress claim, it must also be dismissed.

Under the employment at-will doctrine, either party has the right to end employment at any time and no cause for termination needs to be alleged or proved. *Greer v. Arlington Mills Mfg. Co.,* Del.Super., 43 A. 609 (1899). Because no cause for termination needs to be shown, a cause of action is not generally available to show that termination was improper. Delaware has continuously recognized the doctrine of at-will employment. *Greer, supra; Drake v. Hercules Powder Co.,* Del.Super., 55 A.2d 630 (1946); *Haney v. Laub,* Del.Super., 312 A.2d 330

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d    Page 2
Not Reported in A.2d, 1989 WL 135651 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

(1973); *Heideck v. Kent General Hospital, Inc.,* Del.Supr., 446 A.2d 1095 (1982); *Emory v. Nanticoke Homes, Inc.,* Del.Super., C.A. No. 82C-MR-14, Ridgely, J. (July 19, 1985); *Heller v. Dover Warehouse, Inc.,* Del.Super., 515 A.2d 178 (1986); *Irvine v. Potts Welding and Boiler Repair Co.,* D.Del., C.A. No. 87-518-JJF, Farnan, J. (Sept. 14, 1988).

The plaintiffs, who do not dispute that Mr. Rizzo's employment was at-will, ask this Court to recognize an exception to the at-will doctrine and allow the claims of tortious interference.

**\*2** Delaware has recognized few exceptions to the at-will doctrine. In *Haney,* the Court recognized the continued vitality of at-will employment, but denied the defendant's motion for summary judgment because the plaintiff's at-will employment was modified by a subsequent agreement which gave the employee stock option rights unless he was discharged for cause. In *Heller,* the Court also said the doctrine of at-will employment retained its vitality, but because an anti-polygraph statute prohibited employers from forcing employees to take a polygraph as a condition of continued employment and the employer directed the employee to take a polygraph, the Court found that the statute created an exception to the at-will doctrine.

Except for situations of contractual modifications or statutory exceptions, Delaware has upheld the employment at-will doctrine. In *Heideck,* the Supreme Court of Delaware affirmed summary judgment for the defendant where the plaintiff claimed that the employer's handbook of company policies modified her at-will status. Similarly, in *Emory,* the defendant was granted summary judgment where the at-will employee claimed he was discharged in contravention of discipline policies and procedures set forth in the defendant's handbook. The Court refused to recognize a public policy exception that would allow the plaintiff's claim that he was discharged so that the defendant could avoid future worker's compensation claims or the claim that he was wrongfully discharged in retaliation for filing worker's compensation claims and for union activities.

The Court noted that the General Assembly has enacted specific legislation prohibiting the discharge of at-will employees in certain contexts, such as jury duty, polygraph tests, etc. *Emory* at 8. The Court concluded that creation of a new cause of action raised policy concerns which require legislative consideration and that the proper balance between the right to contract and the employee's rights should be struck by the legislature.

Mr. Rizzo, like the plaintiffs in *Heideck* and *Emory,* claims that the defendants disregarded their stated policies of promotion, work assignments, overtime work and detail pay jobs. He attributes part of this disregard of policies to the fact that there was animosity between him and his supervisor. He alleges that this animosity and disregard of policies forced him to take early retirement, causing him to lose future earnings, pension payments, social security payments and fringe benefits.

Looking at the facts in a light most favorable to the plaintiffs and assuming these facts are true, this Court must still follow Delaware law. The Supreme Court of Delaware has concluded that claims based on company policies do not give rise to a cause of action for an employee at-will, who is terminated. Thus, the defendants' motion for summary judgment is GRANTED as to the two counts of tortious interference. [FN1]

The defendants also move for summary judgment stating that Mr. Rizzo's claim for intentional infliction of emotional distress is not a valid cause of action because his exclusive remedy for such a claim is the Delaware Workmen's Compensation Act, 19 *Del.C.* § 2304.

**\*3** The Workmen's Compensation Act provides that every employer shall compensate for personal injury or death by accident arising out of and in the course of employment. 19 *Del.C.* § 2304. The terms "injury" and "personal injury" are defined as " violence to the physical structure of the body...." 19 *Del.C.* § 2301(12). While emotional distress is not specifically included in the codified definition, Delaware courts have interpreted the term "personal injury" and concluded that emotional distress is encompassed by the term. *Battista v. Chrysler*

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                          Page 3
Not Reported in A.2d, 1989 WL 135651 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

*Corp.,* Del.Super., 454 A.2d 286 (1982) (finding that personal injury included mental distress and granting the defendants' motion to dismiss for failure to state a claim because the workers' compensation act was the employee's exclusive remedy for claims against the employer for intentional infliction of mental distress.)

The Supreme Court of Delaware has also held that mental injuries are compensable under the Workmen's Compensation Act. *See, Ramey v. Delaware Materials, Inc.,* Del.Supr., 399 A.2d 205 (1979); *Mergenthaler v. Asbestos Corp. of America,* Del.Supr., 480 A.2d 647, 650 (1984).

In *Mergenthaler,* the Supreme Court of Delaware recognized that it is settled law that the Delaware Workmen's Compensation Act bars any action by an employee against his employer for a work-related physical injury. It said that physical and mental injuries that would otherwise be compensable in workers' compensation are recoverable in connection with a non-physical tort action only if they are items of damage peripheral or incidental to the physical tort. As examples of non-physical torts, the Court cited defamation cases because there is a proprietary interest, personal property damage cases, and actions such as fraud that occurred after the injury.

The Court held that claims for actions which precede and help produce an injury are barred because they merge into the injury for which a worker's compensation remedy is available.

Here the defendant claims the injury of emotional distress, which the courts have held may be compensable under the Workmen's Compensation Act. The claimed injury occurred due to the alleged course of conduct of the employer and its supervisors, as recited above. Because the conduct preceded and produced the injury, it merges into the injury for which compensation may be provided under the Workmen's Compensation Act.

This Court also notes that regardless of the legal theory used in pursuing a claim for intentional infliction of emotional distress, the claimant must show a physical injury to sustain the claim.

*Mergenthaler, supra* at 651 (in any claim for mental anguish an essential element of the claim is that the claimant have a present physical injury and plaintiff's concession of no physical injury is dispositive of the claim); *McKnight v. Voshell,* Del.Supr., 513 A.2d 1319 (1986) (unreported Order) (affirming Superior Court dismissal of plaintiff's claim for intentional infliction of emotional distress for failure to state a claim because a claim of infliction of emotional distress requires a present injury of bodily harm).

**\*4** The plaintiffs here suffered no bodily harm, but rather they argue that current Delaware law is that a claim of intentional infliction of emotional distress does not require physical injury. The plaintiffs rely on a Superior Court decision, *Mattern v. Hudson,* Del.Super., 532 A.2d 85 (1987). In *Mattern,* the Court said that no Delaware Court has had the opportunity to adopt the tort of intentional infliction of emotional distress. However, in the unreported *McKnight* decision the Supreme Court of Delaware did conclude that a physical injury is necessary to sustain the action. *See also, Mergenthaler, supra.* Because the plaintiffs present no facts of a physical injury, it is dispositive of the claim and summary judgment for the defendants is GRANTED.

The defendants move for summary judgment on Mrs. Rizzo's loss of consortium claim against the employer because it is solely derivative of Mr. Rizzo's claim and because that claim is precluded, Mrs. Rizzo's claim is also.

To the extent that workmen's compensation provides an exclusive remedy for the employee's claim for personal injury, it presents an equal bar to a spouse's claim on which it is dependent. *Nutt v. A.C. & S., Inc.,* Del.Super., 466 A.2d 18 (1983) ( *aff'd sub. nom Mergenthaler v. Asbestos Corp. of America,* Del.Supr., 480 A.2d 647 (1984). The wife's claim for loss of consortium is a derivative one and must stand on the merits of her husband's entitlement to sue. *Nutt, supra; Farrall v. Armstrong Cork Co.,* Del.Super., 457 A.2d 763 (1983).

This Court has concluded that Mr. Rizzo's remedy, if available at all, was exclusively provided by the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                        Page 4

Not Reported in A.2d, 1989 WL 135651 (Del.Super.)
**(Cite as: Not Reported in A.2d)**

Workmen's Compensation Act. Additionally, the law requires that Mr. Rizzo demonstrate a physical injury for his claim to be recognized. Mr. Rizzo presents no facts that demonstrate a physical injury and Mrs. Rizzo may recover damages only if her husband's claim for physical injury is a valid one. Therefore, the defendants' motion for summary judgment for Mrs. Rizzo's claim for loss of consortium is GRANTED.

IT IS SO ORDERED.

> FN1. This Court also notes that Mr. Rizzo's own deposition states that the transfer from one golf course to another was not uncommon; that his supervisor was in a position to observe him and reprimanded him for talking too much (he conceded that he sometimes talked too much); that he does not dispute the bases for the three probations imposed on him; that the amount of overtime he received was on par with other grounds keepers; that there were opportunities for overtime for which he did not request consideration; that he thought that based on his seniority he should be assigned only those tasks he enjoyed the most; and that when he told his supervisors that he was unable to perform steam cleaning jobs he was taken off the job. Based on these noted facts, the Court concludes that Mr. Rizzo's claim factually asserts only that he and his supervisor did not get along. Thus, even if Delaware did recognize the exceptions of tortious interference, the facts do not support a claim.

Del.Super.,1989.
Rizzo v. E. I. du Pont de Nemours & Co.
Not Reported in A.2d, 1989 WL 135651 (Del.Super.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.