```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE

ROBIN D. NICHOLS,              |  CIVIL ACTION
                               |
            Plaintiff,         |
                               |
v.                             |  No. 05-055 KAJ
                               |
BENNETT DETECTIVE &            |
PROTECTIVE AGENCY, INC.,       |
A Delaware corporation and     |  JURY TRIAL DEMANDED
ALLEN'S FAMILY FOODS, INC.,    |
A Delaware corporation,        |
                               |
            Defendants.        |
```

**REPLY BRIEF IN SUPPORT OF DEFENDANT
BENNETT DETECTIVE & PROTECTIVE AGENCY, INC.'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

```
                    MURPHY SPADARO & LANDON
                    ROGER D. LANDON (ID#: 2460)
                    PHILIP T. EDWARDS(ID#: 4393)
                    1011 Centre Road, Suite 210
                    Wilmington, DE 19805
                    (302) 472-8100

                    Attorneys for defendant
                    Bennett Detective &
                    Protective Agency, Inc.
```

February 16, 2006

**TABLE OF CONTENTS**

INTRODUCTION........................................... 1

ARGUMENT............................................... 1

    I. PLAINTIFF HAS NOT ESTABLISHED HER CONSTRUCTIVE
    DISCHARGE CLAIM.................................... 1

    II. PLAINTIFF HAS NOT ESTABLISHED BY A PREPONDERANCE
    OF THE EVIDENCE THAT BENNETT'S PROFFERED
    NONDISCRIMINATORY REASON FOR HER TRANSFER WAS A
    PRETEXT TO DISCRIMINATION.......................... 5

CONCLUSION............................................. 7

**TABLE OF AUTHORITIES**

**CASE**                                                                  **PAGE**

<u>Andrews v. City of Philadelphia</u>, 895 F.2d 1469 (3d Cir. 1990).................................................... 4

<u>Clowes v. Allegheny Valley Hospital</u>, 991 F.2d 1159 (3d Cir. 1993)................................................ 2, 3

<u>Cuffee v. Dover Wipes Company</u>, 334 F. Supp.2d 565 (D. Del. 2004)............................................. 1, 2, 3, 5

<u>Duffy v. Paper Magic Group, Inc.</u>, 265 F.3d 163 (3d Cir. 2001)................................................ 1, 2, 4, 5

<u>Parker v. State of Delaware Department of Public Safety</u>, 11 F.Supp. 467(D. Del. 1998)............................ 3, 4


**STATUES**

19 <u>Del. C.</u> § 710 <u>et</u> <u>seq</u>.................................... 1

42 U.S.C. § 1981........................................... 1

**INTRODUCTION**

Plaintiff Robin N. Nichols has alleged a race and sex discrimination claim against Bennett Detective and Protective Agency ("Bennett")pursuant to 42 U.S.C. § 1981 and 19 Del. C. § 710 et seq. Plaintiff alleges that the discrimination resulted in her constructive discharge from Bennett. In its opening brief, Bennett laid out the criteria established by the Delaware District Court to support a constructive discharge claim. Plaintiff has failed to meet these criteria.

Also, plaintiff's answering brief does not establish by a preponderance of the evidence that Bennett's proffered nondiscriminatory reason for transferring plaintiff from the Allen's plant was a pretext to discrimination.

**ARGUMENT**

**I.  PLAINTIFF HAS NOT ESTABLISHED HER CONSTRUCTIVE DISCHARGE CLAIM.**

Plaintiff cites to the holdings in Cuffee v. Dover Wipes Company and Duffy v. Paper Magic Group, Inc. to support her constructive discharge claim. *See Plaintiff's Brief in Opposition at 11.* Unfortunately for plaintiff, these holdings support Bennett's stance that plaintiff cannot establish her constructive discharge claim. In Cuffee, plaintiff's involuntary job transfer to a position

1

with a reduced role, fewer responsibilities, and which foreclosed her opportunity for a raise, did not meet the standard for constructive discharge under Title VII. <u>Cuffee v. Dover Wipes Company</u>, 334 F. Supp.2d 565, 578 (D. Del. 2004).  In another denial of a plaintiff's constructive discharge claim, the Third Circuit in <u>Duffy</u> held that plaintiff's stressful work environment including being left out of meetings and being subjected to disparaging comments were not so unbearable that a reasonable person would be compelled to resign.  <u>Duffy v. Paper Magic Group, Inc.</u>, 265 F.3d 163 (3d Cir. 2001).  As a result of <u>Duffy</u>, it is well established in the 3rd Circuit that "a stressful and frustrating" work situation is insufficiently abhorrent to establish a constructive discharge.  <u>Cuffee</u>, 334 F. Supp.2d at 578 (quoting <u>Duffy</u>, 265 F.3d at 169).

<u>Cuffee</u> further held that a reasonable employee must explore reasonable alternatives before deciding the only way to cure the situation is through resignation. <u>Cuffee</u>, 334 F. Supp.2d at 578 (citing <u>Clowes v. Allegheny Valley Hospital</u>, 991 F.2d 1159, 1161 (3d Cir. 1993).  Here, plaintiff's transfer from Allen's and ultimate resignation spanned only a couple of weeks.  The record is clear that while Bennett worked diligently to find plaintiff

2

comparable employment, plaintiff sought no reasonable alternatives to her resignation.

Cuffee is analogous to the situation presented in the instant matter. Here, plaintiff was transferred from the Allen's plant and was placed in another comparable position within days. Unfortunately, plaintiff decided not to show up for this job and eventually quit about a week later after she was placed in another position at the Family Court. If the facts in Cuffee could not support a constructive discharge claim, plaintiff certainly cannot support a constructive discharge claim here. Further, plaintiff made no attempts to seek reasonable alternatives to her resignation before quitting as required by Clowes. Clowes v. Allegheny Valley Hospital, 991 F.2d 1159, 1161 (3d Cir. 1993).

This on-point case law supporting Bennett's position coupled with the elements established by this Court to support a constructive discharge claim in Parker point to only one conclusion: plaintiff's constructive discharge claim must fail. This Court in Parker established that to support a constructive discharge claim plaintiff must show a hostile work environment existed. Parker v. State of Delaware Department of Public Safety, 11 F.Supp. 467, 476 (D. Del. 1998) (holding plaintiff could not establish a

constructive discharge claim based on a hostile work environment from two isolated incidents of sex discrimination).  In order to establish a hostile work environment, plaintiff must prove: first, she suffered intentional discrimination; second, the discrimination was pervasive and regular; third, the discrimination had a detrimental affect on her; fourth, the discrimination would detrimentally affect a reasonable person; finally, the existence of respondeat superior liability.  Parker, 11 F. Supp. at 475, (citing Andrews v. City of Philadelphia, 895 F.2d 1469, 1472 (3d Cir. 1990)).

Plaintiff has identified no facts in the record that establish she was subjected to pervasive and regular discrimination to support her claim of constructive discharge.  Her entire constructive discharge claim rests on the single event of her transfer from Allen's.  This is wholly insufficient to support a claim for regular and pervasive discrimination, especially given the case law that two instances of sexual discrimination could not support a constructive discharge claim in Parker and a single incident of employment discrimination could not support a claim for constructive discharge in Duffy.  Parker, 11 F. Supp. 467; Duffy, 265 F.3d 163.  At best plaintiff can establish she was stressed and frustrated by

4

her transfer but stress and frustration are insufficient to support a constructive discharge claim. Cuffee, 334 F. Supp.2d at 578 (quoting Duffy, 265 F.3d at 169).

## II. PLAINTIFF HAS NOT ESTABLISHED BY A PREPONDERANCE OF THE EVIDENCE THAT BENNETT'S PROFFERED NONDISCRIMINATORY REASON FOR HER TRANSFER WAS A PRETEXT TO DISCRIMINTION.

Assuming, *arguendo*, the Court finds plaintiff can support her constructive discharge claim and thus her *prima facie* case of race discrimination, plaintiff has failed to establish that Bennett's proffered reason for transferring plaintiff was a pretext to discrimination. It is undisputed that plaintiff's work history with plaintiff was devoid of any allegations of racial or sex discrimination before she was transferred from Allen's. In fact, she was actually promoted over other white males to supervisor. As such, there is nothing in the record that establishes her transfer from Allen's was the culmination of a long history of discriminatory treatment. The record actually establishes the opposite: that her employment status was based on her performance and not her race or gender. These facts coupled with the fact plaintiff was replaced with a black female gives further support to Bennett's nondiscriminatory purpose for transferring plaintiff from Allen's.

5

Plaintiff has attempted to establish a material issue of fact by pointing to the conflicting testimony of Allen's and Bennett concerning whose idea it was to transfer plaintiff.  It appears plaintiff is trying to pick and choose contradictory facts to be held in a light most favorable to herself, depending on which summary judgment motion she is answering.  Plaintiff does not have the option to allege one set of facts as most favorable to her in one motion, but then allege a totally contradictory set of facts most favorable to her in another motion, as she has done in her oppositions to Bennett's and Allen's motions.  Plaintiff has sued Allen's and Bennett jointly. Therefore, the facts taken in a light most favorable to plaintiff in this matter would be those which arguably implicate both defendants in the alleged discrimination: which is that Allen's ordered Bennett to have plaintiff transferred  because she was black and/or female and Bennett did the same knowing of Allen's discriminatory purpose.

Based on these facts taken in a light most favorable to plaintiff, Bennett's proffered nondiscriminatory reason for transferring plaintiff is that Allen's asked to have plaintiff transferred because she was a disruption at the plant, she had gotten into altercations with several other

6

Case 1:05-cv-00055-KAJ   Document 55   Filed 02/16/2006   Page 10 of 12

white and black employees and she kept unnecessarily calling the police to the plant.  Bennett was forced to acquiesce to Allen's demand for a transfer because it did not want to impair its business relationship with Allen's.  Plaintiff has shown no evidence in the record that calls this proffered nondiscriminatory reason into question or even comes close to establishing that it was a pretext for discrimination.

### CONCLUSION

For the reasons set forth above, defendant Bennett Detective & Protective Agency, Inc. respectfully requests the entry of summary judgment in its favor and against plaintiff.

                                             Respectfully submitted,

                                             MURPHY SPADARO & LANDON

                                             /s/ Roger D. Landon
                                             Roger D. Landon (ID #: 2460)
                                             Philip T. Edwards (ID #: 4393)
                                             1011 Centre Road, Suite 210
                                             Wilmington, DE 19805

                                             Attorneys for defendant
                                             Bennett Detective & Protective
                                             Agency, Inc.

February 16, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROBIN D. NICHOLS, | CIVIL ACTION |
| Plaintiff, | |
| v. | No. 05-055 KAJ |
| BENNETT DETECTIVE & PROTECTIVE AGENCY, INC., A Delaware corporation and ALLEN'S FAMILY FOODS, INC., A Delaware corporation, | JURY TRIAL DEMANDED |
| Defendants. | |

**CERTIFICATE OF SERVICE**

I, Roger D. Landon, Esq., do hereby certify that on this 16th day of February, 2006, two copies of the foregoing REPLY BRIEF IN SUPPORT OF DEFENDANT BENNETT DETECTIVE & PROTECTIVE AGENCY, INC.'S MOTION FOR SUMMARY JUDGMENT were e-filed and delivered in the manner indicated to the following individual(s):

**Via First Class Mail**
William D. Fletcher, Jr., Esq.
Schmittinger & Rodriguez
414 S. State Street
P.O. Box 497
Dover, DE  19903

**Via Hand Delivery**
Matthew F. Boyer, Esq.
Connolly Bove Lodge & Hutz
1007 N. Orange Street
Wilmington, DE  19801

**Via First Class Mail**
Arthur M. Brewer, Esq.
Laura A. Pierson Scheinberg, Esq.
Shawe & Rosenthal, LLP

128874

Sun Life Building, 11th Floor
20 S. Charles Street
Baltimore, MD  21201


MURPHY SPADARO & LANDON


<u>/s/ Roger D. Landon</u>
Roger D. Landon (ID #: 2460)
Philip T. Edwards (ID #: 4393)
1011 Centre Road, Suite 210
Wilmington, DE 19805

Attorneys for defendant
Bennett Detective & Protective
Agency, Inc.

128874